92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kamal HARCHAOUI, Plaintiff-Appellant,
v.
SAFETY-KLEEN CORPORATION, Defendant-Appellee.
 No. 95-3652.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff Kamal Harchaoui appeals the district court's grant of summary judgment to his former employer, defendant Safety-Kleen Corporation ("Safety-Kleen"), in this diversity action alleging breach of an employment contract under Ohio law.
 
 
 2
 Plaintiff was involved in an automobile accident while driving a company vehicle belonging to his employer, Safety-Kleen. Plaintiff refused to perform sobriety tests or provide a urine sample immediately after the accident, and eventually pleaded guilty to reckless operation of a motor vehicle. Safety-Kleen fired him as a result. Plaintiff then brought this action alleging that Safety-Kleen breached a contract under which plaintiff could only be discharged for just cause.
 
 
 3
 After reviewing the record and briefs of the parties and hearing arguments by counsel, we are satisfied that the district court correctly determined that plaintiff was an at-will employee. As such, his employment could be terminated at any time for any reason that was not illegal or against public policy. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 316 (6th Cir.1989) (citing Phung v. Waste Mgmt., Inc., 491 N.E.2d 1114, 1116 (Ohio 1986)). Accordingly, the district court correctly granted summary judgment to Safety-Kleen on plaintiff's breach of contract and related claims.
 
 
 4
 Moreover, even if plaintiff could only have been fired for just cause, his discharge was justified. After consuming alcohol and driving a company vehicle, plaintiff was involved in an accident, refused to perform sobriety tests, was charged with driving under the influence of alcohol and ultimately pleaded guilty to reckless operation of a motor vehicle.
 
 
 5
 The order of the district court is therefore AFFIRMED for the reasons stated in the May 8, 1995 decision of District Judge Rice.
 
 
 
 [1]
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation